# IN THE COURT OF APPEALS OF IOWA

No. 14-1712
Filed December 24, 2014

**IN THE INTEREST OF A.B. and A.B.,**
   **Minor Children,**

**C.A., Mother,**
   Appellant.
_____

Appeal from the Iowa District Court for Jones County, Angeline M. Wilson, District Associate Judge.


A mother appeals the termination of her parental rights, arguing she was denied due process. **REVERSED AND REMANDED.**


Craig Elliott, Anamosa, for appellant mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, and Phil Parsons, County Attorney, for appellee.

Robert Davison, Cedar Rapids, for father.

Kristin Denniger, Cedar Rapids, attorney and guardian ad litem for minor children.


Considered by Danilson, C.J., and Tabor and Doyle, JJ.

**TABOR, J.**

A mother appeals the order terminating her parental rights to her daughters, who are now aged seven and five.[1]  She alleges the juvenile court violated her right to due process by relying on information provided by the children's guardian ad litem (GAL) after the termination hearing closed.  Because we agree the court should have given the mother both notice that such additional evidence would be considered as part of the termination record and an opportunity to be heard, we reverse the order and remand for a hearing where the State, the GAL, and the mother may present any additional evidence relevant to the court's decision whether to terminate parental rights.

We do not lightly decide to prolong this case.  We recognize the Department of Human Services (DHS) has been involved with these children, Ad.B. and Al.B., for nearly two years.  The court approved their removal from parental custody and placement with a paternal aunt in February 2013.  At that time, the DHS was concerned about inadequate supervision and the lack of safe housing.  The DHS also noted the parents had issues with mental health, domestic violence, and substance abuse.  The court adjudicated Ad.B. and Al.B. as children in need of assistance on March 5, 2013.  The children have not returned home, even for a trial placement, since that adjudication.

But parents in child welfare cases deserve due process.  They are entitled to procedural due process because state action—in the form of a petition to terminate parental rights—threatens to deprive them of a fundamental liberty

---

[1] This mother has a third daughter born in December 2013 who has been adjudicated as a child in need of assistance (CINA) but is not involved in this termination action.

interest in the care, custody and control of their children. *In re K.M.*, 653 N.W.2d 602, 607 (Iowa 2002). Thus, the mother in this case is "clearly entitled to procedural due process: notice and a meaningful opportunity to be heard." *See id.*, (citing *In re A.M.H.*, 516 N.W.2d 867, 870 (Iowa 1994) (recognizing parents' procedural due process rights in termination and CINA proceedings)).

The State filed a petition to terminate parental rights in May 2014. The petition cited three statutory grounds for termination: Iowa Code sections 232.116(1)(e), (f) and (*l*)[2] (2013). The court held a hearing on the termination petition on July 15, 2014.[3] At the close of the hearing, the county attorney and the GAL advocated for termination. The mother's attorney argued the statutory grounds for termination were not met, or alternatively, the mother should have more time to work toward reunification with her two older daughters. At the close of the hearing, the juvenile court stated: "The matter's submitted. I'll get a ruling out as soon as I can."

Almost two months later, on September 8, 2014, the children's GAL filed a report with the court. The GAL also filed a six-page document captioned "Objection to Proposed Move to Semi-Supervised Visitation and Request For Hearing." The two documents contained numerous new facts about the mother's current status that were not in the record submitted at the termination hearing. In

---

[2] The State alleged the parents had a "severe, chronic substance abuse problem." That language was from the pre–2012 version of section 232.116(1)(*l*)(2). In 2011, the legislature amended this provision, replacing the phrase "severe, chronic substance abuse problem" with "severe substance-related disorder." *See* 2011 Iowa Acts ch. 121 § 58 (effective July 1, 2012).

[3] The hearing involved both the mother and father, but only the mother's rights are at issue in this appeal.

her objection to a change in visitation, the GAL stated she had been informed through an email from the DHS that the mother would be moving from fully supervised to semi-supervised visitation with her daughters. The GAL objected to that progression and attached reports showing the mother had logged three positive urinalyses for the synthetic drug K-2 during late July and early August.

The juvenile court did not set a hearing on the GAL's filings, and the mother did not file any response. The court did not rule on the GAL's objection or reopen the termination record. Instead, on September 26, 2014, the court terminated the mother's parental rights under Iowa Code sections 232.116(1)(f) and (*l*),[4] relying on the new information provided by the GAL. In the termination order, the court makes at least five references to the mother's conduct after the July 2014 hearing.

The mother now appeals. She contends the juvenile court violated her right to procedural due process by considering the new information contained in the GAL's filings after the termination hearing closed without providing her an opportunity to respond. The mother also appeals the court's finding she was offered reasonable services, the State's proof of the statutory grounds by clear and convincing evidence, and the conclusion that termination was in the best interest of the children.

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We also review constitutional issues de novo. *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 140 (Iowa 2013).

---

[4] Like the State in its petition, the court cited to outdated language for subsection (*l*).

Before proceeding to the merits of the mother's due process claim, we address the State's assertion that the issue was not properly developed for appeal. The State argues the mother did not preserve error because she did not file "any sort of Motion regarding the Court's use of the contents" of the GAL's post-hearing filings. The State's brief does not specify what type of motion the mother should have filed to preserve error.[5]

We recognize that parties to a child welfare hearing have an obligation to preserve error for appeal, even when the alleged error impacts their constitutional rights. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) (finding parents waived due process challenge because they "did not lodge an objection alerting the juvenile court to their complaints" that they desired to present more evidence at the hearing). But in this case, the mother did not have notice the juvenile court would consider evidence submitted after the termination hearing. At the close of the hearing, the court deemed the matter "submitted." *Compare with In re A.B.*, 815 N.W.2d 764, 770 (Iowa 2012) (where the juvenile court left the termination record open for submission of a drug test by the father). "Submit" means "to end the presentation of further evidence in (a case) and tender a legal position for decision." Black's Law Dictionary 1562 (9th ed. 2009). The mother was entitled to believe the entirety of the evidence to be considered by the court for termination would have been presented at the hearing where she was

---

[5] If the State is suggesting the mother should have filed a motion to enlarge or amend under Iowa Rule of Civil Procedure 1.904(2), we do not find such a motion would have been necessary. Such a motion is only a prerequisite to an appeal if the district court failed to resolve a properly submitted issue. *See In re Reinders*, 138 B.R. 937, 941 (Bankr. N.D. Iowa 1992) (interpreting then Iowa Rule of Civil Procedure 179(b)). Here, the court based its legal conclusions on facts not included in the termination record.

present, represented by counsel, and had an opportunity to respond. Moreover, the GAL's filings did not seek to re-open the termination record for the court to consider additional evidence. Instead, the GAL focused her objection on the DHS move to liberalize the mother's visitation with the children. The mother's counsel would not have necessarily anticipated the court would rely on the new information in its termination decision without notice to the mother. Accordingly, we do not find error preservation to be an impediment to our consideration of the issue.

The GAL filed a report and objection containing new evidence about the mother's conduct since the termination hearing. For instance, the GAL asserted the mother "has been unable to provide four clean, consecutive UAs showing that she has maintained sobriety for a period of approximately two months." The GAL's objection attached reports showing the mother tested positive for K-2 in late July and early August. The GAL further characterized the tests as "not simply instant tests of dubious reliability, but fully verified." Because the GAL's information was not presented at the hearing, it was not subject to testing by cross-examination.

In the termination ruling, the court relied heavily on the new, untested information. The court discussed the mother's participation in substance abuse treatment and drug testing, and then wrote: "Since trial, however, [the mother] tested positive for K-2 on 7/29, 7/31, and 8/8." The court returned to that information several more times in the order. For instance, the court explained the mother "has struggled with substance use as evidenced by continued positive

tests for K-2." In concluding the mother's substance abuse has put her children in danger, the court stated: "[The mother] continued to use after the trial was concluded."

The mother argues the court's use of this information violated her due process rights as the court held no hearing where she could object to the new evidence or present new evidence of her own. We agree. *See A.M.H.*, 516 N.W.2d at 870 (describing a parent's due process rights as including "a right to notice of the hearing, to confront and cross-examine adverse witnesses, to be represented by counsel, to an impartial decision maker, and to a decision based solely on legal rules and the evidence presented at the hearing").

It is true juvenile courts have broad discretion to reopen the evidence. *In re J.R.H.*, 358 N.W.2d 311, 318 (Iowa 1984) (explaining "[t]his is a juvenile case in which the best interests of the children dictate that the rules of procedure be liberally applied in order that all probative evidence might be admitted"). But the court here did not reopen the record to take the GAL's new evidence. In fact, the evidence was not admitted into the record. The court did not hold a hearing on the GAL's filings. The mother did not have an opportunity to object to or explain the evidence attached to the GAL's filing nor to present her own contrary evidence. Because due process requires the mother be afforded a meaningful opportunity to respond, we reverse the termination order and remand the case to the juvenile court for a supplemental hearing where the State, the GAL, and the

mother may present any additional evidence relevant to the court's decision whether to terminate parental rights.[6]

**REVERSED AND REMANDED.**

---

[6] On remand, the juvenile court should consider the current version of section 232.116(1)(*l*)(2) in deciding whether the State has presented clear and convincing evidence that the mother has a "severe substance-related disorder and presents a danger to self or others as evidence by prior acts."